IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD L. MELLOR & | ) | |
| JEAN L. MELLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 1:06cv00116 (RCL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),

to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that plaintiffs failed to

properly serve the United States and the Court lacks subject matter jurisdiction over the

complaint.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted herewith.

DATE: April 3, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD L. MELLOR & <br> JEAN L. MELLOR, <br><br>       Plaintiffs, <br><br>     v. <br><br> UNITED STATES, <br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)    No: 1:06cv00116 (RCL)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 1999,

the Internal Revenue Service (IRS) disregarded various provisions of the Internal

Revenue Code. Plaintiffs seek damages for alleged "wrongful collection."

QUESTIONS PRESENTED

Plaintiff attempted to served the initial process on the United States. Should the

Court dismiss the complaint for failure to properly serve the United States?

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal

taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for

damages from "wrongful collection" of taxes. Does the Court have jurisdiction to

entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Richard L Mellor and Jean L. Mellor,

filed this complaint on January 19, 2006. The complaint alleges that in connection with

the collection of federal tax beginning "with 'tax year' 1999", agents and employees of

the Internal Revenue Service "recklessly, intentionally, or by reason of negligence

disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1,

7.)1/  On March 6, 2006, plaintiffs filed returns of service showing that plaintiff Richard

L. Mellor himself served the Attorney General and the United States Attorney for the

District of Columbia by certified mail.  (*See* PACER ## 2, 3.)

     2.  <u>Relief sought in the complaint</u>.  Plaintiffs seek damages on account of

"reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 32.)2/

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

     Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be

effected by any person who is not a party."  Under rule 4(i), the United States must be

served by:  (1) delivering a copy of the summons and complaint to the United States

attorney for the district in which the action is brought, or by sending a copy of the

summons and complaint by registered or certified mail addressed to the civil process

clerk at the office of the United States attorney; and (2) by sending a copy of the

---

     1/  Plaintiffs' case is one of more than 50 known cases filed in this Court with substantially similar complaints and/or allegations.

     2/  Plaintiffs also may be seeking declaratory relief.  (*See* Compl. ¶ 31.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

summons and complaint by registered or certified mail to the Attorney General of the

United States at Washington, D.C.; and (3) by sending a copy of the summons and

complaint by registered or certified mail to the officer, employee and/or agency of the

United States being sued.  Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975);

*Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal

jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo*

*v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v.*

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A

jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271

F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is

improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant

challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper.  *See Myers v. American*

*Dental Ass'n*, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil,*

*S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Richard L. Mellor signed the returns of service indicating

that he, himself, served the summons on the Attorney General and the United States

Attorney for the District of Columbia by certified mail.  Richard L. Mellor is, of course, a

party to this action, and thus cannot properly serve the summons.  *See Davis v. Garcia*,

226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224

(S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730604, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, * 1(N.D. Cal. 2001).  Further, plaintiffs have not alleged that they served a copy of the complaint on the Internal Revenue Service.  Accordingly, plaintiffs have failed to properly serve the United States, and their complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER<br>THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST<br>ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 7.)  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their

-4-

administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has*

*exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at

128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979

F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area

director which complies with the requirements of the regulations.  Instead, plaintiffs

assert that they "may forego exhausting administrative remedies that are either futile or

inadequate[.]" (Compl. ¶¶ 6, 30.)3/  Therefore, plaintiffs have not met their burden to

allege adequately that the United States has unequivocally waived its sovereign

immunity.  Because plaintiffs have not met their burden to prove exhaustion of

administrative remedies, this Court does not have jurisdiction over their section 7433

claim, and the Court should dismiss the complaint.

CONCLUSION

Because plaintiffs have failed to properly serve the United States and because the

Court lacks jurisdiction over their complaint, the complaint should be dismissed.

DATE: April 3, 2006.

Respectfully submitted,


 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

_____

3/ Plaintiffs also state, in conclusory fashion, that "[a]dministrative claims which
plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury
worked to satisfy the requirement that a 'taxpayer' must exhaust administrative
remedies." (Compl. ¶ 26.)

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

supporting MEMORANDUM, and proposed ORDER were caused to be served upon

plaintiffs *pro se* on the 3rd day of April, 2006, by depositing a copy in the United States'

mail, postage prepaid, addressed as follows:

        RICHARD L. MELLOR
        JEAN L. MELLOR
        Plaintiffs *pro se*
        2175 Stratford Drive
        Marion, Iowa 52302.


        /s/ Jennifer L. Vozne
        JENNIFER L. VOZNE

1623686.1