UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD L. MELLOR, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 06-116 (RCL) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

On April 3, 2006, defendant United States filed a motion to dismiss.

In <u>Fox v. Strickland</u>, the D.C. Circuit held that a district court must take pains to advise a <u>pro se</u> plaintiff of the consequences of failing to respond to a motion to dismiss. 837 F.2d 507, 509 (D.C. Cir. 1988). The court stated that the notice provided by the district court "should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." <u>Id.</u>

Thereafter, in <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir. 1993), the D.C. Circuit stated that the district court must inform <u>pro se</u> litigants that, on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." <u>Id.</u> at 456 (quoting <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir. 1982)).

Under Rule 56(e) of the Federal Rules of Civil Procedure,

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

> affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as plaintiffs, who are adverse to a motion for summary judgment, must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance with these rulings, the Court advises plaintiffs that they must respond to the defendants' current motion for to dismiss within ten (10) days from this date. If plaintiffs do not file a response within this prescribed time, the Court will treat the motion as conceded and will dismiss the complaint. Plaintiffs must also respond to any future motion to dismiss or summary judgment motion within ten (10) days of the date the motion is filed. Otherwise, the Court will treat such a motion as conceded and will either dismiss the complaint or grant summary judgment in favor of defendants.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on April 3, 2006.